**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

------------------------------------------------------------

TYRONDA FORREST                                :
2904 W. 6th Street                             :
Chester, PA 19103                              :
                                               :
                          Plaintiff,           :
                                               :        Civil Action No.: _____
          v.                                   :
                                               :        **JURY TRIAL DEMANDED**
SAUNDERS NURSING AND                           :
REHABILITATION CENTER                          :
100 Lancaster Avenue                           :
Penn Wynne, PA 19096                           :
                                               :
                          Defendant.           :

------------------------------------------------------------

## <u>COMPLAINT – CIVIL ACTION</u>

Plaintiff, Tyronda Forrest ("Plaintiff"), by and through her undersigned attorneys, for her

Complaint against Saunders Nursing and Rehabilitation Center ("Defendant"), alleges as follows:

1.      Plaintiff brings this action to redress violations by the Defendant of the Americans

with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* and the Pennsylvania Human Relations

Act ("PHRA"), 43 P.S. § 951, *et seq.* As a result, Plaintiff has suffered damages set forth herein.

### <u>PARTIES</u>

2.      Plaintiff Tyronda Forrest is a citizen of the United States and Pennsylvania, and

currently maintains a residence at 2904 W. 6th Street, Chester, Pennsylvania, 19103.

3.      Defendant Saunders Nursing and Rehabilitation Center is a for-profit corporation

registered to do business in the Commonwealth of Pennsylvania and maintains a place of business

located at 100 Lancaster Avenue, Penn Wynne, Pennsylvania 19096.

### <u>JURISDICTION AND VENUE</u>

4. On or around August 6, 2025, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), and 43 P.S. § 959(a). Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2025-08760. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

5. By correspondence dated February 3, 2026, Plaintiff received a Notice of Right to Sue from the EEOC with respect to her Charge, advising that Plaintiff had ninety (90) days to file suit against Defendant.

6. Plaintiff filed the instant action within the statutory time frame applicable to her claims.

7. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintain this action.

8. This is an action authorized and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* and the Pennsylvania Human Relation Act ("PHRA"), 43 P.S. § 951, *et seq.*

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

10. This Court has pendant jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as her federal claims.

11.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in this district.

## FACTS

12.    Paragraphs 1 through 11 are hereby incorporated by reference as though the same were fully set forth at length herein.

13.    On or around June 11, 2012, Defendant hired Plaintiff in the position of Housekeeper.

14.    At all times material hereto, Plaintiff performed her job well, received positive reviews, praise, and was subjected to no justifiable discipline.

15.    On or about February 6, 2024, Plaintiff sustained an injury to her right hand and knee.

16.    Plaintiff's right hand and knee necessitated surgery.

17.    Plaintiff's right hand and knee and the effects thereafter constituted a disability within the meaning of the ADA and PHRA in that they substantially impaired one or more of Plaintiff's major life activities.

18.    Plaintiff underwent surgery.

19.    Following surgery, Plaintiff returned to work in a light duty capacity per her doctor's request/orders.

20.    However, Defendant took issue with Plaintiff requesting and working in a light duty capacity.

21.    Defendant wanted Plaintiff to return to a full duty position, despite the fact that Plaintiff was not yet cleared by her doctor to work in a full duty capacity.

22.    Indeed, in or around November 2024, Plaintiff received a letter from Defendant stating that Plaintiff must return to work in a full duty capacity by December 20, 2024.

23.    However, per Plaintiff's doctors orders, Plaintiff had a return to work date in a full duty capacity of on or about February 20, 2025.

24.    Plaintiff made the aforementioned request for accommodation with Defendant.

25.    More specifically, Plaintiff's doctor prepared paperwork regarding the aforementioned accommodation request confirming Plaintiff's return to work date, which Plaintiff provided to her Supervisor.

26.    To be sure that Defendant was fully aware of Plaintiff's request for accommodation/her doctor's orders, Plaintiff contained Defendant on numerous occasions.

27.    Plaintiff contained Defendant's Human Resources via email and phone calls, but did not receive a response.

28.    Plaintiff also contacted her Union Representative in an attempt to amicably resolve any matters.

29.    Despite Plaintiff's multiple efforts, Defendant was unresponsive.

30.    Thus, Defendant did not engage in the interactive process with Plaintiff to discuss Plaintiff's requested accommodation.

31.    No one from Defendant confirmed they had received Plaintiff's submitted requested accommodation or doctors notes, nor did anyone return Plaintiff's emails or phone calls.

32.    Plaintiff was left in the dark, with her attempts to engage in the interactive process blankly ignored.

33.    Ultimately, on or about February 6, 2025, Defendant terminated Plaintiff from her employment.

34.     It is believed and therefore averred that Defendant discriminated against Plaintiff because of her actual and/or perceived disabilities, by failing to engage in the interactive process, by failing to accommodate Plaintiff's requests for reasonable accommodation, and/or in retaliation for Plaintiff's requests for reasonable accommodation in connection thereto, in violation of the ADA and PHRA.

35.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotions, benefits, earnings and earnings potential, loss of potential benefits, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, and emotional distress.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
***42 U.S.C. § 12101,*** *et seq.*
**DISCRIMINATION & RETALIATION**

36.     Paragraphs 1 through 34 are hereby incorporated by reference as though the same were fully set forth at length herein.

37.     At all times relevant hereto, Plaintiff was an employee of Defendant within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

38.     Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

39.     Plaintiff suffers from one or more disability within the meaning of the ADA in that it substantially impairs one or more major life activities.

40.     Despite his disability, Plaintiff was able to perform the essential functions of her job with or without a reasonable accommodation.

41.     Plaintiff made multiple good-faith requests for reasonable accommodation, per her doctor's orders.

42. Defendant failed to engage in the interactive process with Plaintiff with respect to her requested accommodations.

43. By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by terminating Plaintiff's employment on the basis of her actual/perceived disability and/or in retaliation for making a request for reasonable accommodation.

44. Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

45. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, and emotional distress.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive and/or compensatory damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT II**
**PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. § 951, *et seq.***
**DISCRIMINATION AND RETALIATION**

46.     Paragraphs 1 through 45 are hereby incorporated by reference as though the same were fully set forth at length herein.

47.     Plaintiff is a qualified individual with a disability within the meaning of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, which substantially limits Plaintiff's ability to perform one or more major life activities.

48.     Plaintiff was/is able to perform the essential functions of her job with or without a reasonable accommodation.

49.     It is believed and therefore averred that Defendant terminated Plaintiff's employment on the basis of her actual and/or perceived disability and/or in retaliation for Plaintiff's requests for reasonable accommodation in connection thereto.

50.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, and emotional distress.

51.     The conduct described above constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

7

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.      Back wages, front pay, bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.      Compensatory damages in an amount to be determined at trial;

C.      Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D.      Pre-judgment interest in an appropriate amount; and

E.      Such other and further relief as is just and equitable under the circumstances.

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of caps on certain damages as set forth by applicable law.

<u>**JURY DEMAND**</u>

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: */s/ Andrew J. Schreiber*
Andrew J. Schreiber, Esquire
Michael Murphy, Esquire.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
aschreiber@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com

8

*Attorneys for Plaintiff*

Dated: March 30, 2026

**<u>DEMAND TO PRESERVE EVIDENCE</u>**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.